**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Richar Julio Colchado-Izaguirre, Petitioner,<br><br>v.<br><br>Markwayne Mullin et al.,<br><br>Respondents. | Case No. 5:26-cv-03103-AYP<br><br>**ORDER GRANTING PETITION AND ISSUING A WRIT FOR HABEAS CORPUS** |

## I. SUMMARY OF ORDER

Petitioner, Richar Julio Colchado-Izaguirre, is a native and citizen of Peru. Petitioner entered the United States without inspection on or about October 27, 2022. On that same day, he presented himself to the immigration officers at the U.S. border seeking asylum. Subsequently, on or about October 29, 2022, Petitioner was granted humanitarian parole under 8 U.S.C. § 1182(d)(5)(A) and released from detention. Petitioner has no criminal record,

has not violated any of his parole requirements, and has consistently appeared for scheduled appointments.

On or about June 2, 2026, Petitioner was re-detained, without prior notice or a custody redetermination bond hearing when he presented himself to Respondents at a routine check-in as part of the Intensive Supervision Appearance Program ("ISAP"), which is part of ICE's broader Alternatives to Detention ("ATD") system.

On or about June 4, 2026, Petitioner filed a bond hearing request for custody redetermination with EOIR. No bond hearing had been scheduled by the time of the filing of the Petition.

On June 5, 2026, Petitioner filed this Writ of Habeas Corpus under 28 U.S.C § 2241, seeking an order requiring Respondents to immediately release him from immigration detention. (Dkt. No. 1 ("Petition").) In this habeas action, Petitioner challenges the lawfulness of his detention by ICE, arguing his prior release on parole creates a heightened liberty interest in continued freedom, requiring the procedural safeguards required by due process before re-detention.

In their Answer, Respondents state, "Respondents are not presenting an opposition argument at this time. Should the Court enter relief, judgment may be entered, and consistent with the "expeditious resolution" of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter." (Dkt. No. 7 at 2 ("Answer").)

In light of Respondents' position, the Court finds that as the verified facts set forth in the Petition, the legal arguments, and the relief requested are uncontested, Petitioner has demonstrated that the Government violated his right to due process by re-detaining him without adequate pre-deprivation process. This Court finds that the Due Process Clause requires that, in order

for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. The Court therefore GRANTS the Petition and issues a writ of habeas corpus requiring Respondents to immediately release Petitioner from custody subject to Petitioner's prior conditions of release and preventing his re-detention absent a constitutionally and regulatory adequate pre-deprivation process including notice of the reasons for revocation of his release and a prompt hearing to afford him an opportunity to respond.

## II. FACTUAL BACKGROUND

Petitioner, Richar Julio Colchado-Izaguirre, is a native and citizen of Peru. (Pet. ¶ 19.) Petitioner entered the United States without inspection on or about October 27, 2022. *Id*. On that same day, he presented himself to the immigration officers at the U.S. border seeking asylum. *Id*. Subsequently, on or about October 29, 2022, Petitioner was granted humanitarian parole under 8 U.S.C. § 1182(d)(5)(A) and released from detention.[1] (Dkt. 1-5 at 30.) Petitioner has no criminal record, has not violated any of his parole requirements, and has consistently appeared for scheduled appointments. Petitioner has filed for Affirmative Asylum with the U.S. Citizenship and Immigration Services ("USCIS"). (Pet. ¶ 20.) Petitioner has remained in the

[1] *Rodriguez Vazquez v. Bostock* clarified that "unadmitted aliens present in the United States—are…subject to detention under 8 U.S.C. § 1226(a), which allows for release on bond." *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1172–73 (9th Cir. 2026).

United States since his entry and established deep family, community and cultural ties. *Id.* ¶ 22.

On or about June 2, 2026, Petitioner was re-detained, without prior notice or a custody redetermination bond hearing when he presented himself to Respondents at a routine check-in as part of the Intensive Supervision Appearance Program ("ISAP"), which is part of ICE's broader Alternatives to Detention ("ATD") system. *Id.* ¶ 23. On or about June 4, 2026, Petitioner filed a bond hearing request for custody redetermination with EOIR. None had been scheduled by the time of the filing of the Petition. *Id.* ¶ 24.

On June 5, 2026, Petitioner filed this Writ of Habeas Corpus under 28 U.S.C § 2241, seeking an order requiring Respondents to immediately release him from immigration detention. (Pet.) In this habeas action, Petitioner challenges the lawfulness of his detention by ICE, arguing his prior release on parole or recognizance created a heightened liberty interest in his continued freedom, requiring the procedural safeguards required by due process before re-detention.

In their Answer, Respondents state, "Respondents are not presenting an opposition argument at this time. Should the Court enter relief, judgment may be entered, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter." (Ans.)

## III. PROCEDURAL HISTORY

Petitioner filed a habeas petition on June 6, 2026. (Pet.) That same day, the Court entered the Notice of General Order 26-05 and Briefing Schedule, directing Respondents to show cause why the writ of habeas corpus should not be granted and thereby adopting the standard procedures and briefing

schedule under the General Order. (Dkt. No. 5.) Respondents filed their Answer on June 12, 2026. (Ans.) Thus, the matter is fully briefed.

The Petition was filed after the General Order on April 1, 2026, and the Respondents did not waive their consent. On September 9, 2026, Petitioner filed a consent form to proceed before a United States Magistrate Judge. (Dkt. Nos. 10, 11.) Thus, the matter has been fully consented. (Dkt. No. 13.)

## IV. DISCUSSION

Petitioner argues that his detention violates the Due Process Clause of the Fifth Amendment and seeks immediate release. (Pet. at 29.) In their answer to the Petition, Respondents do not address Petitioner's due process arguments. Respondents state that "[they] are not presenting an opposition argument at this time. Should the Court enter relief, judgment may be entered, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter." (Ans. at 2.)

Federal courts must decide cases based on the arguments the parties present. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020); *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). That rule follows from the party presentation principle: "In our adversarial system of adjudication . . . in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Sineneng-Smith*, 590 U.S. at 375 (2020) (cleaned up). Recently, the Supreme Court reminded the lower courts that they are "essentially passive instruments of government" who must stick to the narrow questions teed up by the parties. *Margolin v. Nat'l Assoc. of Immigration Judges*, 146 S. Ct. 1285, 1288 (2026)

(citation omitted). Or, put more colorfully, "courts 'call balls and strikes'; they don't get a turn at bat." *Clark v. Sweeney*, 607 U.S. 7, 9 (2025) (quoting *Lomax v. Ortiz-Marquez*, 590 U.S. 595, 599 (2020)).

Here, Petitioner argued that his detention without pre-deprivation process violated his due process rights and that the proper habeas remedy is an order of release. (Pet. at 26–28.) His argument is one that has been accepted by numerous courts in this Circuit, including this one. *See, e.g., Gasparyan v. Blanche et al.,* No. 2:26-CV-05139-AYP, 2026 WL 2456687, at *1 (C.D. Cal. July 27, 2026); *Ibanez-Gutierrez v. Adelanto ICE Processing Ctr.,* No. 5:26-CV-02489-AYP, 2026 WL 1772762, at *1 (C.D. Cal. June 17, 2026); *Torres v. Mullin*, No. 5:26-CV-01962-AYP, 2026 WL 1625349, at *1 (C.D. Cal. June 2, 2026).

Respondents did not respond to Petitioner's argument. *See* Ans. Respondents are represented by competent counsel with full access to all the relevant facts concerning Petitioner's detention, and they offered no factual or legal basis whatsoever to reject his claim. Their failure to do so constitutes forfeiture of the arguments they could have made in support of their position. *See Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised."); *Am. Int'l Enters., Inc. v. F.D.I.C.*, 3 F.3d 1263, 1266 n.5 (9th Cir. 1993) ("Issues raised in the brief that are not supported by argument are deemed abandoned."). And where the opposing party offers no reason to reject a particular claim, the Court is not duty-bound to go find a reason for them—indeed, the party presentation principle requires it to do the opposite. *Sineneng-Smith*, 590 U.S. at 375-76 ("[A]s a general rule, our system is designed around the premise that [parties represented by competent counsel]

know what is best for them, and are responsible for advancing the facts and argument entitling them to relief.") (citation modified).

As such, the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that his claim that his detention is without lawful authority is unrefuted. As numerous other courts have found in such circumstances, the Petition should therefore be granted based on Respondent's failure to oppose the primary relief sought. *See, e.g., Barajas-Bautista v. Warden, Desert View Annex*, No. 5:26-cv-03135-SK, 2026 WL 2058433, at *2 (C.D. Cal. July 13, 2026) (granting petition and ordering release where the respondent did not oppose granting a bond hearing but did not address the petitioner's remaining claims; noting "Respondents, who alone possess petitioner's A-file, his Form I-213, and his criminal history record, filed nothing and denied nothing"); *Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession); *N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition.").

Because Respondents do not oppose the Petition and state that "judgment may be entered" in favor of Petitioner, Ans. at 2, the Court finds that the Petition should be granted, and judgment should be entered in favor of Petitioner. In sum, because Respondents have not met their burden "to show cause why the writ should not be granted," 28 U.S.C. § 2243, the Court

grants the Petition and orders Petitioner released.

## V. CONCLUSION

For the foregoing reasons, IT IS ORDERED that: (1) Judgment be entered granting Petitioner Richar Julio Colchado-Izaguirre's (A# 246-208-719) Petition; (2) a writ of habeas corpus be issued requiring Petitioners' immediate release, subject to conditions of supervision that existed prior to his detention on June 2, 2026, along with his personal belongings, including his identification, work permits, and other documentation, and preventing his re-detention absent a constitutionally and regulatory adequate pre-deprivation process including notice of the reasons for revocation of his release and a prompt hearing before a neutral arbiter in which the government bears the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community; and (3) the parties shall file a joint status report no later than seven (7) days from the date of this Order confirming that Petitioner has been released from Respondents' custody.

Additionally, the Petitioner and the Court shall be provided with at least three (3) days notice prior to Petitioner being removed from this jurisdiction.

Dated: September 23, 2026

HON. ANNA Y. PARK
UNITED STATES MAGISTRATE JUDGE